First case this morning is case number 415-0139. People v. Whitlow for the appellate Susan Wilhelm and the appellate Linda McClain. Ms. Wilhelm, please proceed. May it please this Court, Counsel, I'm Susan Wilhelm with the Office of the State Appellate Defender and I represent the defendant Gregory Whitelow. Mr. Whitelow filed a pro se post conviction petition which advanced to the second stage with counsel appointed in July of 2012. In December 2013, Whitelow's counsel filed a Rule 651C certificate averring that no amendments were required for this petition. But six months later, after the state's motion to dismiss was denied, post conviction counsel filed a motion seeking a continuance to amend this petition. Although the motion was granted, two months later, post conviction counsel announced he was not going to file an amended petition and he was going to stand on the issues raised in the pro se petition. That petition advanced to an evidentiary hearing. At the evidentiary hearing, post conviction counsel attempted to raise several instances of ineffective assistance of trial counsel that were beyond the scope of the petition, including whether Whitelow told his trial counsel there were additional witnesses he wanted interviewed, whether Whitelow's trial counsel attempted to interview Heather Ryan or Wyant, and whether trial counsel failed to provide the reasonable assistance of counsel to him. Despite the filing of the Rule 651C,  of counsel to him, despite the filing of the Rule 651C. Post conviction counsel even asked Whitelow if there were issues other than those discussed in his testimony and raised in his petition, but the court sustained the Rule 651C certificate. The record rebuts any presumption of reasonable assistance when post conviction counsel failed to amend the petition to include all of his claims of error. This is illustrated by his inadequate knowledge of the facts alleged and the issues included in Whitelow's pro se petition and by his last minute attempts to expand and amend this petition during the evidentiary hearing when it was simply too late. The three requirements of Rule 651C do not exist independently of each other. They work together to ensure that a petitioner's claims are thoroughly discussed, examined, and amended into proper legal form. The first duty is consultation. Post conviction counsel must comply with the statutory duty of consultation to help understand a petitioner's allegations of deprivation of constitutional rights. Here, this consultation apparently occurred because post conviction counsel was aware of claims that were not contained within the pro se petition, but were known to Whitelow. If, as the state asserts, there would then be no duty to amend these claims learned by consultation into the petition, what would even be the point of this consultation? There is no limitation that consultation be only on the issues in the petition, but it is to help understand a petitioner's claims of deprivation of constitutional rights. The duty of consultation coexists with the duty to amend to make sure that all of a petitioner's claims are incorporated into the petition in a timely manner and in proper legal form. There is also the duty to examine the record, at least those parts of the record relating to claims raised in the pro se petition. As the state argued in her brief, post conviction counsel was not required to comb through the record for issues that are not contained in the pro se post conviction petition. But when claims come to counsel's attention during his review, counsel may amend the petition. He has the permissive authority to do so to make the petition complete. And in this case, at some point, either through consultation or through his review of the record, post conviction counsel learned of several issues that had enough merit that he attempted to raise them sua sponte at the evidentiary hearing. Since post conviction counsel found these claims meritorious enough to these claims should have been properly amended into the post conviction petition and they could have been supported with additional evidence, such as police reports, affidavits, or other documentation. Post conviction counsel's failure to put these claims into the petition in proper legal form was unreasonable assistance even at the limited statutory level provided by the Post Conviction Hearing Act. Because Gregory Whitelow did not receive the reasonable assistance of counsel in accordance with the Post Conviction Hearing Act, when his counsel failed to adequately amend his petition to present all of his claims, the dismissal of his petition should be reversed and this matter remanded for new proceedings. Any questions? Thank you. You'll have rebuttal Ms. McClain. May it please the court, counsel. State is maintaining that post conviction counsel's 651C certificate created presumption of reasonable assistance that defendant has failed to rebut. In this case, defendant is making a huge jump in logic when he argues that the post conviction counsel was aware of the additional claims through consultation with the client. 651C certificate states that, according to the 651C certificate in this case, it states that post conviction counsel conferred with defendant and found no amendments necessary regarding form and content for an adequate presentation of defendant's contentions. The fact that he asked questions at the evidentiary hearing does not mean he failed to include issues in the petition that defendant wanted in there. Nothing in the record indicates this. It appears, if you look at the record, it appears that when all of defendant's claims were refuted at the evidentiary hearing by the testimony of trial counsel, post conviction counsel, in an attempt to be thorough, asked some additional questions. That does not equate to the fact that he failed to include things in the petition. In fact, the state is arguing that post conviction counsel actually provided a level of assistance beyond what was required of him. Noteworthy is the fact that counsel never once represented that the claims he asked questions about have merit. Unlike Kirk, the case cited in our briefs, and Schlosser, another case cited in our briefs, in which post conviction counsel, in both of those cases, it was at the second stage and he argued that he had not put issues in that had merit. Okay, as for the specific issues raised, as for post conviction counsel questioning trial counsel justice about whether there were additional witnesses whom defendant had asked justice to interview or call, how that came about is justice testified about his investigation. His investigator interviewed between five and eight witnesses from the apartment complex, including the apartment manager, the woman who was a source of friction, and several people who might have seen the white car drive away. Post conviction counsel then asked if there were additional witnesses that defendant asked that he interview or call, and that was when the objection occurred. The record is devoid of any indication that defendant informed his post conviction counsel that there were other witnesses he wanted interviewed. Just because he asked this question doesn't mean that there should be a jump in that logic. Also, the record is devoid of any indication that defendant presented names to post conviction counsel of those he wanted interviewed or what they would have testified to. Post conviction counsel was under no obligation under 651C to locate witnesses not identified by defendant. As for the witness Heather Wyant, at the evidentiary hearing, defendant testified that Heather had seen what had happened, and his trial attorney did not send anybody to talk to her. However, he also said that trial counsel had made the strategic decision not to call her, saying he could win the case without her. And also, the state had attempted to serve her and the address was not good. Her proposed testimony was included in a police report. So all of this information was available to post conviction counsel. In fact, trial counsel knew of Heather Wyant and what she might testify and he chose not to subpoena her for trial as a matter of strategy. So this issue is not a nothing issue. As for trial counsel's failure to impeach the state witnesses with their prior felony convictions, there's nothing in the record that there's a pretrial discovery order, but nothing in the record that they actually have felony convictions, other than defendant's self-serving testimony at the evidentiary hearing. And also, this issue could have been raised on appeal and it's raised judicatis. Therefore, this issue is also something that should not have been put in the post conviction petition. In sum, I believe that the state is attempting to make an issue out of something that's not really an issue. The 651C certificate has not been rebutted in this case by post conviction counsel's questions at the evidentiary hearing. And I'd ask the court to affirm the chalkboard below. Okay, thank you. Rebuttal? There are several things that rebut the presumption that post conviction counsel's representation here was reasonable. First of all, his actions. He filed a roll 651C certificate saying he had adequately amended the petition and then six months later he said, wait a minute, maybe I didn't adequately amend it. Give me a couple of months and look this over again. At the time he filed that 651C certificate, it was supposed to be completely accurate and complete. He should have had all amendments done at that point. The fact that he later was second guessing his own thoroughness, his own preparedness on this case, clearly rebuts the presumption of that 651C certificate that he himself was willing to put aside to review this petition and try to attempt to reamend it. Also, to rebut the presumption that he was reasonable. One thing is very clear in the record. Post conviction counsel truly believed that these issues were within the petition. He wanted these issues raised. He believed they were meritorious. The problem is he failed to familiarize himself with the petition and its specific issues. Maybe he thought this was another case and another petition. There's a point in the record where he's referencing another case and you can see that he's somewhat confused about this case. But he was so unclear on the pro se issues here in Gregory Whitelow's petition that he failed to include issues he believed were meritorious. Issues he clearly wanted to advance. He didn't put them into the petition in proper legal form. That doomed them to fail and that failure is unreasonable assistance. It leaves us with a record with so many holes in it that it's hard to assess these issues. I think the best unraised argument that we know of here is the issue of Heather Ryan or Wyant. She saw three young white men run away from the scene and two young black men drive off in a white four door truck. It's very similar to Mario Stowe's testimony that he was selling drugs to four young white men and it bolsters his credibility also. And although Whitelow drove a white Ford Explorer he was in his early 40's at the time of this incident. Post conviction counsel shouldn't have, it's not the state cannot say that post conviction counsel was doing more than their job by putting in additional questions because as is very clear by this record, additional questions, additional issues cannot be raised to a sponte at an interventory hearing. We've already had the state's motion to dismiss. We've already had the state's answer. At that point the issues are set. If post conviction counsel had one of these issues raised, the responsibility was to raise them earlier in proper legal form in the petition so the state had an opportunity to respond. Attempting to raise them to a sponte is the equivalent of doing nothing. If these issues have merit they need to be properly amended into the petition. Post conviction counsel lack of preparation is clear. Again he's attempting and you see it several times in the record, well I think it's part of this issue. I believe you can put it under this issue. And the trial court is very clear that's not where those issues belong. Post conviction counsel got all the way to an evidentiary hearing in this case, but his unfamiliarity with the petition and the record doomed this evidentiary hearing to failure. And because of that I'm asking that Gregory Whitelow's petition be remanded for further proceedings. Thank you. Thank you. The case is submitted and the court stands adjourned.